**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTURO ALEJANDRO CASTILLO-
GONZALEZ,

Defendant - Appellant.

No. 10-10115

D.C. No. 4:09-cr-02234-FRZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Arturo Alejandro Castillo-Gonzalez appeals from the 66-month sentence

imposed following his guilty-plea conviction for importation of cocaine, in

violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii), and possession with

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Castillo-Gonzalez contends that the district court erred by denying his request for the mitigating role adjustment at U.S.S.G. § 3B1.2.  Under the facts of this case, the district court did not clearly err by denying an adjustment for minimal or minor role.  *See United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006) (describing standard); *see also United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991) (stating that a defendant "may be a courier without being either a minimal or a minor participant," and that "possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction").

Castillo-Gonzalez further contends that his sentence was substantively unreasonable.  Considering the totality of the circumstances, Castillo-Gonzalez's below-Guidelines sentence was substantively reasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**